IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DANIELLE DIXON | : | |
| 6021 Otterbein Ln Apt 302 | : | |
| Ellicott City, MD 21043 | : | |
| | : | |
| and | : | |
| | : | |
| SHAUL DIXON | : | Civil Action No. |
| 6021 Otterbein Ln Apt 302 | : | |
| Ellicott City, MD 21043, | : | |
| | : | |
| On Their Own Behalf and on Behalf | : | |
| of All Others Similarly Situated | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BLIBAUM AND ASSOCIATES, P.A. | : | |
| 40 York Road, Suite 300 | : | |
| Towson, MD 21204 | : | |
| s/o | : | |
| Gary Blibaum, Resident Agent | : | |
| 40 York Road, Suite 300 | : | |
| Towson, MD 21204 | : | |
| | : | |
| and | : | |
| | : | |
| HENDERSEN-WEBB, INC. | : | |
| 1025 Cranbrook Rd. | : | |
| Cockeysville, MD 21030 | : | |
| s/o | : | |
| Gary Blibaum, Resident Agent | : | |
| 1025 Cranbrook Rd. | : | |
| Cockeysville, MD 21030, | : | |
| | : | |
| Defendants. | : | |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs Danielle and Shaul Dixon, on their own behalf and on behalf of two classes of similarly situated persons, by and through their attorneys Joseph S. Mack of the Law Offices of Joseph S. Mack and Ingmar Goldson of the Goldson Law Office, LLC, sue Defendants Blibaum and Associates, P.A. ("Law Office") and Hendersen-Webb, Inc. ("Hendersen-Webb"), and state as follows:

## INTRODUCTION

1. Under Maryland law, the rental of a residential dwelling without a license in a jurisdiction where a license is required to rent is a violation of the Maryland Consumer Protection Act (the "MCPA"), MD. CODE ANN., COMM. § 13-101 *et seq.*, and a landlord and its agents may not seek to collect rent for any period in which the property was unlicensed, even if the landlord subsequently obtains a license. *Assanah-Carroll v. L. Offs. of Edward J. Maher, P.C.*, 480 Md. 394, 442, 281 A.3d 72, 100 (2022).

2. This case involves a landlord who chose to disregard Maryland law by seeking to collect unpaid rent for unlicensed rental properties, and its debt collection law firm that aggressively pursued payments for rent that Defendants were prohibited from seeking to collect.

3. As a result, tenants were illegally coerced into paying rent that Defendants were prohibited from collecting.

4. As set forth in this Complaint, Defendant Law Office's actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and Defendant Hendersen-Webb is liable to the class under Maryland's Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Comm. § 14-201 *et seq.* and the MCPA.

## PARTIES

5. Defendant Law Office is a Maryland professional corporation with its principal place of business in Baltimore County, Maryland. Defendant Law Office is engaged in the daily business of providing legal services and debt collection services for Maryland landlords, filing hundreds of landlord/tenant collection actions each year.

6. Defendant Hendersen-Webb is a Maryland corporation with its principal place of business in Baltimore County, Maryland. Defendant Hendersen-Webb owns and manages numerous residential rental properties throughout Maryland.

7. Named Plaintiffs Danielle and Shaul Dixon are residents of Maryland, residing in a property managed by Defendant Hendersen-Webb from October of 2022 through November of 2023, and are "consumers" as defined by the FDCPA.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

9. Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events giving rise to claims herein occurred within this District and the Defendants systematically and continually transact business in this District.

## FACTS

10. Defendant Hendersen-Webb serves as the property manager and general partner of The Bluffs at Hawthorne, LLLP, a Maryland limited liability limited partnership (the "Limited Liability Limited Partnership"). The Limited Liability Limited Partnership owns a community called "The Bluffs at Hawthorne" in Howard County, Maryland (the "Property"). The Property consists of 132 residential rental units.

11. As general partner of the Limited Liability Limited Partnership, Defendant Hendersen-Webb is legally responsible for all actions of the Limited Liability Limited Partnership.

12. Section 14.901(a) of the Howard County Code provides that "the owner of a dwelling unit in Howard County that is within the scope of the Howard County Property Maintenance Code for Rental Housing shall not rent or lease a dwelling unit unless the owner obtains a rental housing license."

13. Although the Property was previously licensed, Defendant Hendersen-Webb allowed the rental license for the Property to lapse on July 07, 2022. Defendant Hendersen-Webb did not inform the tenants in the Property that the Property was no longer licensed and that rent could not be collected. Indeed, Defendant Hendersen-Webb aggressively continued to pursue rent from the tenants of the Property during the entire period that the Property was unlicensed.

14. The Property remained unlicensed for an entire year, until July 6, 2023.

15. Named Plaintiffs entered into a September 14, 2022 Lease (the "Lease") lease with Defendant Hendersen-Webb in October of 2022 to occupy 10405-D Hickory Ridge Rd. (the "Apartment"), one of the units in the Property.

16. The Apartment had health and safety issues, including the stench of mold from a previous flood in the Apartment.

17. Shortly after the lease commenced, Plaintiff Danielle Dixon lost her job, and as a result, Named Plaintiffs fell behind on their rental payments.

18. Defendant Hendersen-Webb, despite lacking a rental license for the Property, aggressively engaged in collection efforts regarding Plaintiff's unpaid rent.

19. Defendant Hendersen-Webb's illegal collection efforts included falsely stating a balance through the web payment portal and providing Notices of Intent to File a Complaint for Summary Ejectment on no fewer than three occasions, all while unlicensed.

20. The web payment portal was created by Defendant Hendersen-Webb, either directly or through its agents, for the purposes of collecting rental payments from its tenants, and Defendant Hendersen-Webb directed its tenants to use the web portal to pay their rent. The web portal would prominently, and during the unlicensed period falsely, state a balance to tenants who logged in.

21. Named Plaintiffs made several payments in response to the unlawful collection efforts by Defendant Hendersen-Webb through the web portal.

22. Defendant Hendersen-Webb also encouraged Named Plaintiffs to apply for rental assistance. However, their rental assistance application was denied after the rental assistance office requested proof of a rental license and Defendant Hendersen-Webb admitted that it did not have a rental license for the Property.

23. Defendant Hendersen-Webb also had Defendant Law Office file a Failure to Pay Rent Action against Named Plaintiffs, Case No. D-101-LT-23-005730 in the District Court of Maryland for Howard County (the "First FTPR Case"). Defendant Law Office filed the First FTPR Case on May 30, 2023. In the Complaint in the First FTPR Case, Defendant Law Office correctly indicated that the landlord was required by law to be licensed to rent the premises, but falsely claimed that the landlord was currently licensed, providing a license number for the Property that a simple search of Howard County's online database would have revealed had been expired since July of the previous year.

24. The First FTPR Case sought alleged rental payments and late fees for a period in which the Property was unlicensed.

25. In response to the First FTPR Case, and because Defendants did not inform Named Plaintiffs regarding the unlicensed status of the Property, Named Plaintiffs made payments in order avoid eviction.

26. As part of their illegal efforts to collect alleged rental obligations incurred during the time that the Property was unlicensed, Defendants also filed a second failure to pay rent action against Named Plaintiffs, this one filed on August 2, 2023 - after the Property had obtained a license - but seeking unpaid rent from the unlicensed period - Case No. D-101-LT-23-007881 in the District Court of Maryland for Howard County (the "Second FTPR Case").

27. Under the threat of eviction from the Second FTPR Case, Named Plaintiffs have made additional payments for rental obligations allegedly incurred during the unlicensed period.

28. Defendants have not returned any of the rent collected from tenants attributable to the period that the Property was unlicensed, and continue to pursue any unpaid rent from tenants from that period.

## CLASS ACTION ALLEGATIONS

29. Named Plaintiffs bring this action on behalf of two Classes as follows. For each of Classes 1 and 2, the following definitions apply:

- **Unlicensed Property**: a residential rental property located in a Maryland jurisdiction where a rental license is required in order to rent such property but lacked such a rental license;

6

- **Unlicensed Period**: the period of time in which an Unlicensed Property lacked the required license; and

- **Unlicensed Rent**: rental obligations allegedly incurred during the Unlicensed Period by a resident in an Unlicensed Property.

CLASS 1 – Defendant Blibaum and Associates, P.A.

All tenants of any Unlicensed Property who were sued in a failure-to-pay rent case or otherwise had collection efforts directed towards them with respect to Unlicensed Rent by Defendant Blibaum and Associates, P.A. within one year of the filing of this lawsuit.

CLASS 2 – Defendant Hendersen-Webb, Inc.

All tenants of any Unlicensed Property who, within three years of the filing of this lawsuit:

a) made rental payments through a payment portal set up by Defendant Hendersen-Webb, Inc. or its agents that provided purported rental balances during any Unlicensed Period, and/or

b) who did not timely make one or more rental payments for Unlicensed Rent and had other collection activities directed towards them by Defendant Hendersen-Webb, Inc. or its agents regarding the Unlicensed Rent, including providing past due notices, telephone calls asserting an unpaid balance, notices of intent to file failure to pay rent actions, or the filing of failure to pay rent actions.

30. The Classes, as defined above, are identifiable based on records in the possession of Defendants. Named Plaintiffs are members of each of the Classes.

31. The Classes are so numerous that joinder of all members is impracticable, with approximately 132 units in the Property alone.

32. There are questions of law and fact which are not only common to each Class, but which predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

a. Whether the Property, and other properties relevant to this litigation, lacked a valid rental license.

b. Whether Defendants employed unfair and unconscionable means to collect an alleged debt by falsely claiming to residents that their rent was still due.

c. Whether Defendants engaged in debt collection efforts with regard to alleged rental obligations incurred by tenants during a time when a property was unlicensed.

d. Whether the actions of Defendant Law Office constitute violations of the FDCPA.

e. Whether the Defendants claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist in their dealings with Named Plaintiffs and Class Members.

f. Whether Defendant Hendersen-Webb engaged in an unfair, abusive or deceptive practice under the MCPA in its dealings with Named Plaintiffs and Class Members.

g. Whether a declaratory judgment is proper to prevent the Defendants from claiming that rent is still owed to them by the Class Members for the period of time where the Property was unlicensed.

h. Whether a declaratory judgment is proper to prevent the Defendants from applying payments made by Class Members after the period of time where a property was unlicensed to alleged rental obligations made during the time such property was unlicensed.

      i.   Whether Named Plaintiffs and the Classes may recover damages.

33. The claims of Named Plaintiffs are typical of the claims of the respective members of the Classes within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting Defendants' wrongful conduct. In particular, as people who paid in response to collection efforts made by Defendants regarding rent obligations allegedly incurred during an unlicensed period and who were sued by Defendant Law Office for rental obligations incurred during the unlicensed period, Named Plaintiffs assert claims for each Class that are typical for members of each Class. Named Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have no interests which are antagonistic to any member of the Classes.

34. Named Plaintiffs are adequate representatives of the Classes within the meaning of Fed. R. Civ. P. 23(a)(4), and are prepared to represent the Classes. Furthermore, Named Plaintiffs have secured counsel experienced in class actions, who foresee little difficulty in the management of this case as a class action.

35. Neither Named Plaintiffs nor Plaintiffs' counsel have any interests that might cause them not to vigorously pursue this claim.

36. The prosecution of separate actions by individual members of the Classes would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

37. The Defendants' actions are generally applicable to the respective Classes as a whole, and Plaintiffs seek equitable remedies with respect to the Classes as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

38. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).

39. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## CAUSES OF ACTION

### Count I – Defendant Law Office
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. 1692f

40. Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

41. In 1977, Congress enacted the FDCPA to address illegal and improper practices by debt collectors such as the Defendant Law Office. "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

42. Congress enacted the FDCPA because it determined that: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

43. To this end, the FDCPA forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

44. The Act also makes it illegal for debt collectors to use "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

45. Any debt collector that violates the FDCPA is liable for actual damages, statutory damages, litigation costs and attorney's fees. 15 U.S.C. § 1692k.

46. Defendant Law Office is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

47. The attempt to collect unpaid rent incurred during the time that a rental property lacked a necessary license is unfair or unconscionable within the meaning of 15 U.S.C. 1692f.

48. When attempting to collect rental obligations incurred while a property was unlicensed, Defendant Law Office also made false representations of the character, amount, or legal status of any debt, in violation of 15 U.S.C. 1692e(2)(A).

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Class 1, that the Court:

A. Award Named Plaintiffs and Class 1 actual damages as provided for in the FDCPA, 15 U.S.C. §1692k(a)(1), in an amount equal to all amounts paid by Named Plaintiffs to Defendant Law Office for rent attributable the period that the Property was unlicensed;

B. Award Plaintiffs statutory damages as provided for in the FDCPA, 15 U.S.C. §192k(a)(2);

    C.      Certify Class 1 as a plaintiff class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

    D.      Award pre-judgment interest;

    E.      Award Plaintiffs reasonable costs and attorney's fees; and

    F.      Award Plaintiffs such other and further relief as the Court deems just and proper.

## Count II
### Maryland Declaratory Judgment Act
Md. Code Ann., Cts. & Jud. Proc., § 3-409

49.    Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

50.    An actual controversy exists between members of the Classes (including Named Plaintiffs), and Defendants.

51.    Antagonistic claims are present between the Classes (including Named Plaintiffs) and Defendants which indicate imminent and inevitable litigation.

52.    Named Plaintiffs and the Classes assert that Defendants are not permitted to collect rent the period of time that a property that was required to be licensed was unlicensed, or apply rental payments made after a property obtained a license to alleged rental obligations for the unlicensed period.

53.    A declaratory judgment that establishes that Named Plaintiffs and the Classes do not owe any rent for the period of time that a property requiring a license was unlicensed and that any payments made by them after a property obtained a license must first be applied to any rental obligations incurred after the property obtained a license will alleviate all uncertainty in this proceeding.

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Classes, that the Court:

A. Issue a declaratory judgment declaring that Defendants must apply any rental payments made after a property obtains a license to the period after it obtained the license, and not to any unlicensed period; and

B. Award Plaintiffs such other and further relief as the Court deems just and proper.

**Count III**
**Violation of the Maryland Consumer Debt Collection Act – Defendant Hendersen-Webb**
Md. Code Ann., Comm. § 14-201 *et seq.*

54. Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

55. Under the MCDCA, "In collecting or attempting to collect an alleged debt a collector may not: Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COMM. § 14-202(8). Additionally, under MD. CODE ANN., COMM. § 14-202(11), a collector may not "[e]ngage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act."

56. A collector who violates the MCDCA is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. MD. CODE ANN., COMM. § 14-203.

57. Defendant Hendersen-Webb is a debt "collector" as defined in MD. CODE ANN., COMM. § 14-201(b).

58. The alleged rent arises from "consumer transactions" as defined in MD. CODE ANN., COMM. § 14-201(c).

59. As the sophisticated owner of large apartment buildings, Defendants are aware that Maryland law prohibits a landlord from making collection efforts with regard to an unlicensed period in a jurisdiction where a rental license is required.

60. Accordingly, by engaging in debt collection with regard to unpaid rent for the period of time where a property was unlicensed, Defendant Hendersen-Webb claimed and attempted to enforce a right with knowledge that it does not exist. Further, Section 808 of the FDCPA, 15 U.S.C. § 1692f, prohibits, among other things, the collection of any debt that is not permitted by law or contract. 15 U.S.C. § 1692f(1).

61. Defendant Hendersen-Webb's collections activities include false statements of balances on the resident portals, late notices, filing of lawsuits against late tenants, seeking to enforce judgments from any such lawsuits, and applying rental payments made after a previously unlicensed property obtains a license first to alleged rental debt from the unlicensed period.

62. Any payments made by Named Plaintiffs and members of Class 2 after such collection efforts, applied to any alleged debt for unpaid rental obligation incurred during an unlicensed period, constitute actual damages and must be repaid to Named Plaintiffs and members of Class 2 by Defendant Hendersen-Webb pursuant to the MCDCA.

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Class 2, that the Court:

   A. Award Named Plaintiffs and Class 2 actual damages as provided for in MD. CODE ANN., COMM. § 14-203, in an amount equal to all amounts paid by Named Plaintiffs and the members of Class 2 for rent, made after collection efforts were directed towards

them by Defendant Hendersen-Webb regarding unpaid rent attributable to an unlicensed period for a property where a license was required;

      B.     Certify this case as a plaintiff class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

      C.     Award pre-judgment interest;

      D.     Award Plaintiffs costs; and

      E.     Award Plaintiffs such other and further relief as the Court deems just and proper.

### Count IV
**Violation of the Maryland Consumer Protection Act – Defendant Hendersen-Webb**
MD. CODE ANN., COMM. §13-101 *et seq.*

63.     Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

64.     The MCPA, MD. CODE, COMM. §13-101 *et seq.*, was originally enacted in 1973 because the legislature found that existing laws were "inadequate, poorly coordinated and not widely known or adequately enforced," § 13–102(a)(2). The General Assembly enacted the MCPA as a comprehensive consumer protection act to provide protection against unfair, abusive or deceptive practices in consumer transactions. § 13–102(b). The intention of the Legislature was to set "minimum statewide standards for the protection of consumers." § 13–102(b)(1); see § 13–103(a). To realize this end, the General Assembly sought to implement strong protective and preventive measures to assist the public in obtaining relief from unlawful consumer practices and to maintain the health and welfare of the citizens of the State. § 13–102(b)(3).

65. To this end, the MCPA forbids "any unfair, abusive or deceptive trade practice" in "[t]he offer for sale, lease, rental, loan, or bailment of consumer goods, consumer realty, or consumer services" § 13-303 (2).

66. "Unfair, abusive or deceptive trade practices include … False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; [and] Failure to state a material fact if the failure deceives or tends to deceive." MD. CODE, COMM. § 13-301 (1), (3). "Unfair, abusive or deceptive trade practices" also includes any violation of the MCDCA. § 13-301 (14)(iii).

67. Accordingly, Defendant Hendersen-Webb is liable under the MCPA for any amount paid in response to illegal collection efforts.

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Class 2, that the Court:

    A. Award Named Plaintiffs and Class 2 actual damages as provided for in MD. CODE ANN., COMM. § 13-408, in in an amount equal to all amounts paid by Named Plaintiffs and the Class for rent, made after collection efforts were directed towards them by Defendant Hendersen-Webb or its agents regarding unpaid rent attributable to an unlicensed period for a property where a license was required;

    B. Certify this case as a plaintiff class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

    C. Award pre-judgment interest;

    D. Award Plaintiffs reasonable costs and attorney's fees; and

   E. Award Plaintiffs such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          /s/ Joseph Mack
          Joseph Mack
          (D. Md. Bar No. 29021)
          The Law Offices of Joseph S. Mack
          PO Box 65066
          Baltimore, MD 21209
          Tel. (443) 423-0464
          joseph@macklawonline.com

          /s/ Ingmar Goldson
          Ingmar Goldson
          (D. Md. Bar No. 19024)
          The Goldson Law Office
          One Research Court, Suite 450
          Rockville, MD  20850
          Tel. (240) 780-8829
          igoldson@goldsonlawoffice.com

          ***Attorneys for Named Plaintiffs***

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all legal claims and disputed facts asserted herein.

          /s/Joseph Mack
          Joseph Mack