IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DANIELLE DIXON**, *et al.*, *Plaintiffs*, v. **BLIBAUM AND ASSOCIATES, P.A.**, *et al.*, *Defendants*. | Case No. 1:24-cv-00029-JRR |

**MEMORANDUM OPINION**

Pending before the court are Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 6; the "Motion") and Motion for Sanctions (ECF No. 7). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, both motions will be denied.

**I.    BACKGROUND[1]**

Defendant Henderson-Webb is the property and general manager of The Bluffs at Hawthorne, LLLP, a Maryland limited liability limited partnership that owns The Bluffs at Hawthorne, a rental community in Howard County, Maryland. (ECF No. 1 ¶ 10, the "Complaint.") In October 2022, named Plaintiffs Danielle and Shaul Dixon ("Plaintiffs") began renting a property in The Bluffs at Hawthorne from Defendant Henderson-Webb. *Id*. at ¶¶ 10, 15. Plaintiffs subsequently failed to pay rent and Defendant Henderson-Webb attempted to collect the overdue rent by posting Plaintiffs' overdue balance on its web payment portal and notifying Plaintiffs of its intent to file an eviction action. *Id*. at ¶¶ 17, 19. Additionally, Defendant Blibaum and Associates, on behalf of and as counsel for Defendant Henderson-Webb, filed two actions in the

---

[1] For purposes of resolving the pending Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

District Court of Maryland for Howard County seeking payment of the overdue rent. *Id*. at ¶ 23. In response to these efforts, Plaintiffs made additional payments and applied for rental assistance from the Community Action Council of Howard County. *Id*. at ¶ 21. Plaintiffs' rental assistance application was denied on the grounds that Defendant Henderson-Webb did not have a rental license for The Bluffs at Hawthorne as required by Maryland law. *Id*. at ¶¶ 1, 22.

In January 2024, Plaintiffs filed the class action Complaint alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, by attempting to collect unpaid rent from tenants at The Bluffs at Hawthorne while the property was unlicensed. *Id*. at ¶¶ 43–47. Additionally, Plaintiffs allege that Defendant Henderson-Webb violated the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COMM. §§ 13-101, *et seq.*, and Maryland's Consumer Debt Collection Act ("MCDCA"), MD. CODE ANN., COMM. §§ 14-201, *et seq.*, by engaging in these same unlicensed debt collection efforts. *Id*. at ¶¶ 54–67. Plaintiffs also request declaratory judgment under the Maryland Declaratory Judgment Act, MD. CODE ANN., CTS. & JUD. PROC., § 3-409. *Id*. at ¶¶ 49–53. Finally, Plaintiffs seek certification of two plaintiff classes. *Id*. at ¶¶ 49–53, 29–39.

In response to the Complaint, Defendants filed the instant motions. (ECF Nos. 6, 7.) Defendants assert that at all relevant times, The Bluffs at Hawthorne maintained the required rental license. (ECF No. 6 ¶¶ 4–5.) Defendants seek sanctions against Plaintiffs under Federal Rule of Civil Procedure 11(c) for ignoring or rejecting Defendants' notice to Plaintiffs of the existence of the license and for failing "to conduct a reasonable investigation prior to filing suit." (ECF No. 7 p. 2.) Defendants oppose both motions. (ECF Nos. 8, 8-2.)

## II.   STANDARD OF REVIEW

According to the title of the Motion, Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56.  "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)."  *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022).  Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion."  *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion."  *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013).  "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'"  *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)).  Second, the parties must first "be afforded a reasonable opportunity for discovery."  *Gay*, 761 F.2d at 177.

Here, Defendants assert dismissal of the Complaint, or summary judgment in their favor, is warranted because Henderson-Webb was licensed during the relevant period.  (ECF No. 6.)  In support of their argument, Defendants attach email correspondence with the Howard County Department of Inspections, Licenses and Permits.  (ECF No. 6-4.)

3

Because there has been no discovery in this case, Plaintiffs properly submit a Rule 56(d) declaration (of Plaintiffs' counsel) describing what they contend is essential discovery, including Defendants' internal communications regarding the license and correspondence with Howard County regarding same. (ECF No. 8-2.)[2] Further, Plaintiffs contest the authenticity and admissibility of the correspondence submitted by Defendants (which was not submitted with an attestation of authenticity), and relatedly urge that, even if Defendants' exhibits are authentic, they are inadmissible hearsay and other admissible evidence (described by Plaintiffs in their papers) generates a genuine dispute as to the licensure at issue. (ECF No. 8 at pp. 1, 8.) At this time, the court makes no determination of the authenticity or admissibility of the documents Defendants submit; rather, the point is that Plaintiffs raise a reasonable contest to the court's reliance on them in resolving the Motion.[3]

> [R]elief under Rule 56(d) should be 'liberally granted to protect nonmoving parties from premature summary judgment motions.' *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014) (internal quotation marks omitted). [The Fourth Circuit has] even mandated that courts in this Circuit refuse to consider the motion where the nonmoving party has not had an opportunity to obtain evidence necessary to support its position. *See Harrods Ltd. V. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002).

*Boyle v. Azzari*, 107 F.4th 298, 301–302 (4th Cir. 2024).

In view of the foregoing, the court declines to convert the motion to one for summary judgment. Instead, per Rule 12(b)(6), the court will "focus [its] inquiry on the sufficiency of the

---

[2] In the title of the declaration, Plaintiffs mistakenly identify the declaration as a "57(d)" declaration. The court is satisfied that this is an error and that the declaration is made pursuant to Rule 56(d).

[3] Moreover, and notably, the email correspondence on which Defendants' principally rely – that from Amanda Hill, Chief of the Licenses and Permits Division, and Brenda Saucedo, Chief Rental Housing, Taxi and Sign Code Inspector, both of the Department of Inspections, Licenses and Permits for Howard County, Maryland – reference an "attached" "letter" from Ms. Hill and "two attached rental licenses," which taken together ostensibly demonstrate continuity in the challenged licensure. (ECF No. 6-4 at pp. 18, 21). None of the referenced email attachments are attached to the Motion.

facts relied upon by the plaintiffs in the complaint." *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations,*

*LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside of the complaint. The court may, however, consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Specifically, the court may take judicial notice of publicly available information on state and federal government websites without converting the motion to one for summary judgment. *See U.S. v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on the state and federal government websites.").

III.   ANALYSIS

   A. Motion to Dismiss

Although the title of the Motion suggests Defendants will argue that Plaintiffs fail to state a claim per Rule 12(b)(6), they make no such argument. Instead, Defendants solely argue they are entitled to summary judgment and do not contend that Plaintiffs' Complaint fails under Rule 12(b)(6). Specifically, as described earlier, Defendants assert that Defendant Henderson-Webb maintained the proper rental license at all relevant times. (ECF No. 6 at p. 5–8.) "The gravamen

of all four (4) counts alleged by Plaintiffs is whether Henderson-Webb operated without a license to enter into residential lease agreements throughout 2023. If Henderson-Web did, in fact, operate with a license during this period, then all counts alleged by the Plaintiffs must fail." *Id*. at p. 5. Defendants do not contend that Plaintiffs fail to state a claim upon which relief may be granted if Defendant Henderson-Webb was unlicensed while seeking to collect rent from Plaintiffs.

"We must take as true the factual allegations in [the] complaint." *Presley v. City of Charlottesville*, 464 F.3d 480, 482 (4th Cir. 2006) (citing *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003)). As described above, in response to Plaintiffs' allegation that Defendant Henderson-Webb was unlicensed at the relevant time, Defendants rely on email correspondence purporting to be from the Howard County Department of Inspections, Licenses and Permits to demonstrate that Henderson-Webb did not experience a licensure gap and was licensed during the entirety of the relevant period, thus warranting a defense judgment. (ECF No. 6 ¶ 8.) Although Defendants' exhibits may be viewed as "integral" to the Complaint, Plaintiffs mount a legitimate authenticity challenge. Therefore, the court will not consider Defendants' exhibits. *See Fairfax v. CBS Corp.*, and *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, supra.* Because Defendants, in fact, do not mount a 12(b)(6) challenge, the court will not (*sua sponte*) search for 12(b)(6) deficiencies in the pleading, the Motion, assessed under Rule 12(b)(6), is denied.

### B. Motion for Sanctions

In a separate motion (ECF No. 7), Defendants seek sanctions under Federal Rule of Civil Procedure 11(c). Rule 11(c) provides for sanctions for violations of Rule 11(b). In relevant portion, Rule 11(b)(3) states that when an attorney files a motion, she "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances: the factual contentions have evidentiary support or, if specifically so identified, will have evidentiary support after a reasonable opportunity for further investigation or discovery." FED R. CIV. P. 11(b)(3). Defendants allege that Plaintiffs "failed to conduct a reasonable investigation prior to filing suit." (ECF No. 7 at p. 2.) "Factual allegations fail to satisfy Rule 11(b)(3) when they are 'unsupported by *any* information obtained prior to filing." *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). Plaintiffs' allegation that Defendant Henderson-Webb was unlicensed is supported by the fact that Plaintiffs' request for rental assistance was allegedly denied by the Community Action Council of Howard County because Defendant Henderson-Webb could not provide proof of its license, and stated it did not have a rental license for the property. (ECF No. 1 ¶ 22.) Accordingly, Plaintiffs' factual allegations are supported by information obtained prior to filing. Sanctions are not called for here.

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, Defendants' Motion to Dismiss (ECF No. 6) and Motion for Sanctions (ECF No. 7) shall be DENIED.


Date: December 18, 2024                                        /S/
                                                              Julie R. Rubin
                                                              United States District Judge