UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

July 11, 2025

**MEMORANDUM TO PARTIES RE:**   *Dixon,* et al. *v. Blibaum and Associates, P.C.,* et al.
Civil Action No. JRR-24-0029

Dear Counsel,

The above-referenced matter is before me for resolution of a discovery dispute. *See* ECF No. 31.[1] The dispute pertains to a disagreement between the parties about the appropriate scope of discovery in this putative class action case. In general terms, Plaintiffs argue that they are entitled to broad discovery as to the putative class members, whereas Defendants contend that the factual allegations in the Complaint narrowly relate to the two named Plaintiffs and, therefore, discovery should be tailored accordingly. *See* ECF Nos. 30, 34. The parties have set forth their respective positions in written correspondence. *See id*. The undersigned held a virtual discovery conference regarding this dispute on June 30, 2025. No further briefing is necessary to resolve this dispute. For the reasons that follow, the Court will order discovery as to the putative class to proceed, albeit in phases, given the volume of discovery at issue.

Before addressing the merits of the parties' arguments, a summary of the factual allegations is appropriate.

   **I.   Relevant Background**

      **A.   Plaintiffs' Allegations**

Plaintiffs Danielle and Shaul Dixon are two residents of The Bluffs at Hawthorne ("The Bluffs"), an apartment community in Howard County, Maryland. ECF No. 1 ("Compl.") ¶¶ 7, 10, 15. Defendant Henderson-Webb, Inc. ("Henderson-Webb") is the property manager and general partner of The Bluffs. Compl. ¶ 10. Plaintiffs allege that between July 7, 2022, and July 6, 2023, Henderson-Webb operated The Bluffs without a valid rental license. *Id*. ¶¶ 13–14. Plaintiffs entered a lease to reside at The Bluffs on September 14, 2022, and fell behind on rent payments thereafter. *Id*. ¶¶ 15, 17. Henderson-Webb attempted to collect on the unpaid rent through a web payment portal system. *Id*. ¶¶ 19, 20. Plaintiffs made some payments through this system, but remained in arrears. *Id*. ¶ 21.  Defendant Blibaum and Associates, P.A. ("Blibaum"), a law firm that performed debt collection services on behalf of Henderson-Webb, filed two actions against Plaintiffs in the District Court for Howard County for Plaintiffs' failure to pay

---

[1] This discovery dispute was first referred to Magistrate Judge J. Mark Coulson and later reassigned to me.

rent. *Id*. ¶¶ 5, 23–26. In both actions, Blibaum sought unpaid rent from Plaintiffs for a period during which The Bluffs was allegedly unlicensed. *Id.* ¶¶ 24–27.

Plaintiffs do not specifically allege that Henderson-Webb operates or manages other unlicensed properties in Maryland, nor do Plaintiffs specifically allege that Blibaum has engaged in debt collection activities for other unlicensed properties. Rather, the Complaint includes two class definitions that establish classes of tenants who resided in any unlicensed property and were subject to collection activities for unlicensed rent, and/or who made rent payments during a period in which a property was unlicensed. *Id*. ¶ 29. Specifically, the classes are defined as follows:

> CLASS 1 – Defendant Blibaum and Associates, P.A.
>
> All tenants of any Unlicensed Property who were sued in a failure-to-pay rent case or otherwise had collection efforts directed towards them with respect to Unlicensed Rent by Defendant Blibaum and Associates, P.A. within one year of the filing of this lawsuit.
>
> CLASS 2 – Defendant Hendersen-Webb, Inc.
>
> All tenants of any Unlicensed Property who, within three years of the filing of this lawsuit: a) made rental payments through a payment portal set up by Defendant Hendersen-Webb, Inc. or its agents that provided purported rental balances during any Unlicensed Period, and/or b) who did not timely make one or more rental payments for Unlicensed Rent and had other collection activities directed towards them by Defendant Hendersen-Webb, Inc. or its agents regarding the Unlicensed Rent, including providing past due notices, telephone calls asserting an unpaid balance, notices of intent to file failure to pay rent actions, or the filing of failure to pay rent actions.

*Id.*

Plaintiffs allege that all rent and rent collection activities by Defendants relating to any unlicensed period violates several laws, including the Fair Debt Collection Practices Act (Count I against Blibaum); the Maryland Consumer Debt Collection Act (Count III against Henderson-Webb); and the Maryland Consumer Protection Act (Count IV against Henderson-Webb). *Id.* at 10–16. Plaintiffs also seek a declaratory judgment against Defendants establishing that Plaintiffs and the putative class members do not owe rent for any period during which a property was unlicensed and declaring that Defendants must "apply any rental payments made after a property obtains a license to the period after it obtained the license, and not to any unlicensed period." *Id.* ¶ 53.

### B. The Parties' Arguments Concerning Discovery

Plaintiffs argue that the class definitions set out in the Complaint are sufficient to allow discovery pertaining to the entire putative class. Plaintiffs also contend that Defendants have

waived their objections to class discovery for two reasons. First, they note that Defendants' objections to Plaintiffs' written discovery requests, in which Defendants object to providing discovery beyond the named Plaintiffs and The Bluffs, are untimely and thus waived pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure. ECF No. 30. Second, Plaintiffs contend that Defendants agreed to class discovery at the outset of this case, as demonstrated by the parties' agreement regarding the scope of discovery in their Initial Joint Status Report, ECF No. 20.

In Defendants' written submission, they counter that Plaintiffs may obtain class discovery only for The Bluffs and the one-year period it allegedly lacked a rental license. ECF No. 34. Defendants view discovery as to other Henderson-Webb properties, and other properties represented by Blibaum, as nothing more than a fishing expedition because the Complaint lacks specific allegations beyond the named Plaintiffs. ECF No. 34. Defendants also counter that their delayed written objections were the product of a change in Defendants' legal counsel and, in any event, should be excused for good cause. Finally, Defendants state that the Initial Joint Status Report does not permit discovery into areas that Plaintiffs are otherwise not entitled to explore.

## II.     Discussion

### A.     Legal Standard

Trial courts are afforded broad discretion in controlling discovery matters, including in class action cases before a class has been certified. *See Fangman v. Genuine Title*, Civil Action No. RDB-14-0081, 2015 WL 8915564, at *5 (D. Md. Dec. 15, 2015). Courts have recognized that plaintiffs in a class action case are entitled to pre-certification discovery to obtain information that "speak[s] to the requirements of Rule 23 (numerosity, commonality, typicality, and adequacy)." *Minter v. Wells Fargo Bank, N.A.*, Civil Action No. WMN-07-3442, 2010 WL 11549367, at *2 (D. Md. Aug. 13, 2010). Such discovery "'establish[es] the record the court needs to determine whether the requirements for a class action suit have been met.'" *Fangman*, 2015 WL 8915564, at *3 (quoting *Buchanan v. Consolidated Stores Corp.*, 217 F.R.D. 178, 185 (D. Md. 2003)).

The requirements of Rule 23 of the Federal Rules of Civil Procedure must be considered together with Rule 26, which guides the permissible scope of discovery and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Thus, district courts must take care to allow plaintiffs an opportunity develop the evidence necessary for class certification, while heeding the balance that Rule 26 attempts to

3

strike. *See Goodman v. Schlesinger*, 584 F.2d 1325, 1332 (4th Cir. 1978) (holding that district court prematurely denied class certification before discovery commenced and thus precluded plaintiffs from developing evidentiary record to support certification).

The Court evaluates the parties' arguments with this balancing in mind.

### B.    Analysis

As an initial matter, I am not persuaded that Defendants' belated written objections to Plaintiffs' class-wide discovery requests and the parties' Initial Joint Status Report bind my decision. Plaintiffs' discovery requests were served on Defendants' prior counsel in January 2025. It appears that current counsel for Defendants was not aware of the previously-served discovery until March 3, 2025, at which point he promptly communicated with counsel for Plaintiffs to provide Defendants' written responses. *See* ECF Nos. 34-1, 34-2. Defendants produced their responses the following month. There is no evidence in the record that the delay caused Plaintiffs any prejudice and Defendants' delay does not demonstrate a larger pattern or strategy of noncompliance. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D.W. Va. 2007) (explaining the analysis courts should undertake to determine whether good cause pursuant to Rule 33(b)(4) exists). The Defendants have established good cause to excuse their delay, and their written objections are not waived. Likewise, I decline to bind Defendants to the scope of discovery as set out in an Initial Joint Status Report prepared by Defendants' prior counsel at the outset of this case. Doing so would prioritize form over substance and needlessly undermine this Court's ability to regulate the scope of discovery pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

Turning to Plaintiffs' substantive argument, Plaintiffs have brought a putative class action on behalf of themselves and other Maryland tenants who were subject to debt collection activities for unpaid rent in properties that lacked a rental license. While the Complaint only provides specific allegations of unlawfully collected rent relating to the named Plaintiffs at The Bluffs, the class definitions encompass a much larger group, to which Plaintiffs are entitled to discovery for class certification purposes. However, that discovery must be tailored to comport with the requirements of Rule 26 and need not proceed all at once in light of the volume of information that Plaintiffs seek.

At the hearing regarding this dispute, Defendants stated that there are more than 40 Henderson-Webb properties across Maryland with tenants totaling in the thousands. There are an additional unidentified number of properties for which Blibaum performed debt collection activities, including failure-to-pay-rent actions. Plaintiffs seek broad discovery regarding the rental licensure status of these properties, the identities of tenants residing in the properties (i.e. rental ledgers), and any debt collection activities undertaken by Henderson-Webb and/or Blibaum against tenants residing in such properties during any unlicensed period dating as far back as three years before the filing of the instant lawsuit.

Defendants argue that granting Plaintiffs all the discovery they seek would run afoul of the principle that courts are obligated to prevent parties from engaging in fishing expeditions. *See* ECF No. 34 at 2 (citing *Cuomo v. Clearing House Ass'n, LLC*, 557 U.S. 519 (2009) and

*Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil Action No. ELH-09-3102, 2017 WL 1230817 (D. Md. Apr. 3, 2017)). While the general admonition against fishing expeditions is well taken, neither *Cuomo* nor *Topline* is a class action case. As such, those cases have limited application here.

*Fangman*, however, is instructive. In *Fangman*, this Court allowed plaintiffs in a putative class action case to conduct pre-certification discovery for the purpose of identifying new potential plaintiffs and defendants. 2015 WL 8915564, at *3–5. The original defendant in the case, against whom the class allegations were initially made, filed for bankruptcy. *Id.* at *2. The defendant-lender's insolvency prompted plaintiffs to request early discovery regarding the defendant's books and records that would shed light on the identities of other lenders believed to be involved in an alleged kickback scheme. *Id.* The plaintiffs amended their complaint to include other defendants, including lenders, who then objected to the discovery on the ground that the information sought no longer related to the claims at issue. *Id.* at *3. Moreover, the defendants argued that such discovery was intended to identify new plaintiffs for the purpose of suing additional defendants, which defendants argued amounted to a misuse of class discovery. *Id.* This Court disagreed, finding that the discovery sought was necessary "to identify potential class members who could not otherwise have known of their cause of action." *Id.* at *5. Relying on its "broad discretion to control discovery under Rule 26," the Court declined to "suspend Plaintiffs' discovery rights . . . ." *Fangman* thus demonstrates that courts take a more liberal approach to discovery at this early stage and are reluctant to impose limits on plaintiffs' ability to identify putative class members.

Yet, allowing Plaintiffs unfettered discovery makes little practical sense under the circumstances here. Plaintiffs' case necessarily fails if the Henderson-Webb and Blibaum properties maintained valid rental licenses and had no lapses in their licensure status. That is, there can be no unlawful debt collection activities or unlawfully collected rent without evidence first establishing that the properties were unlicensed. And, while Plaintiffs seek evidence of all debt collection efforts performed by Blibaum for <u>any</u> unlicensed property, such debt collection efforts are likely to culminate in the filing of a failure-to-pay-rent action. Thus, evidence of such actions would necessarily encompass, or, at a minimum, lead to evidence identifying the tenants who were subjected to earlier debt collection activities and the properties in which they resided.

Accordingly, at this stage, the Court will limit discovery beyond the named Plaintiffs to only the rental licensure status of Henderson-Webb's other Maryland properties and any failure-to-pay rent actions filed by Blibaum within the timeframes set out in the class definitions. Specifically, with respect to Class 1, Plaintiffs may obtain information regarding any failure-to-pay rent actions filed by Blibaum in Maryland within one year of the filing of the instant lawsuit. With respect to Class 2, Plaintiffs may obtain information regarding the rental licensure status of Henderson-Webb's other Maryland properties within three years of the filing of the instant lawsuit.

The Court may order further discovery of debt collection activities, rental ledgers, etc., if the aforementioned discovery reveals evidence that other properties lacked valid rental licenses. The parties should jointly advise the Court whether such discovery is appropriate upon

completion of this initial phase of discovery and indicate whether an extension of discovery is warranted in light of this Order.

The parties do not appear to dispute that the named Plaintiffs are entitled to discovery regarding their specific factual allegations relating to The Bluffs and the period during which The Bluffs allegedly operated without a license. Nothing in this Order is intended to contravene any agreement or understanding between the parties with regard to such discovery, which the Court understands is already underway.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

                                                Sincerely,

                                                */s/*

                                                Chelsea J. Crawford
                                                United States Magistrate Judge